UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SEYED ALI MOUSAVI, § § *Petitioner,* § § v. § § WARDEN, et al. § § *Respondents.* § | Civil Action No. 3:25-cv-02257-x |

## ORDER DISMISSING HABEAS CORPUS PETITION

Before the Court is Petitioner Seyed Ali Mousavi (Mousavi)'s amended petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 5).  Respondents (the "government") filed a response opposing habeas relief.  Mousavi did not file a reply. After carefully reviewing the pleadings, the record, and the applicable law, the Court **DISMISSES WITHOUT PREJUDICE** the petition for lack of subject matter jurisdiction.

### I.    Factual Background

On July 18, 2024, Mousavi, a citizen of Iran, enroute from Mexico to Oklahoma, applied for admission into the United States at San Ysidro, California.  Because he requested asylum and did not have a valid entry document, U.S. Immigration and Customs Enforcement (ICE) placed him in immigration proceedings with the issuance of a Notice to Appear and paroled her into the United States.  On July 25, 2025, ICE Enforcement and Removal Operations apprehended Mousavi at his check-in meeting in Oklahoma City, Oklahoma, and detained him at the Tulsa

1

County Jail and later at the Bluebonnet and Karnes County Detention Centers. Due to a clerical error, however, Mousavi's case was mistakenly docketed in the El Paso Immigration Court and he was not transported to his immigration hearing there. The El Paso immigration court eventually granted his counsel's motion to transfer the case to the Aurora immigration court, in Colorado. The Aurora court denied Mousavi's motion for bond because he was an arriving alien and the court lacked jurisdiction to grant him a bond. The court also transferred his case back to the El Paso immigration court, which has jurisdiction over cases filed by detainees at the Bluebonnet Detention Center where he was then confined.

On August 20, 2025, Mousavi and his wife filed a joint habeas corpus petition, requesting that the Court transfer their immigration cases to the immigration court in Aurora, Colorado, because it oversees detainees in Oklahoma and their counsel is located in Colorado. In his amended petition (the controlling pleading)—filed after the Court severed the spouses' claims—Mousavi asserts that (1) his due process rights were violated when ICE failed to transport him to his immigration court hearings in El Paso and (2) he fears ICE will subject him to expedited removal proceedings. The government contends the first claim is not cognizable in habeas and the second claim is not ripe for judicial review.

## II.    Analysis

### A. Failure-to-transport claim is not cognizable in habeas corpus action.

A petitioner may seek habeas relief under 28 U.S.C. § 2241 if he is "in custody

in violation of the Constitution or laws or treaties of the United States."[1]  As explained by the Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."[2]  Stated another way, habeas actions are reserved for "[c]hallenges to the validity of any confinement or to particulars affecting its duration," and other matters, like attacks on conditions of confinement, cannot be raised in the habeas context.[3]

Here, Mousavi's claim that ICE failed to transport him to an immigration court hearing is unrelated to the cause or duration of his federal detention.  Simply put, his allegations would not necessarily entitle him to earlier or speedier release.  As the government aptly notes, Mousavi is detained as an arriving alien and is ineligible for bond.[4]  Unless he is paroled, the statute contemplates that he will remain in detention during the pendency of his removal proceedings.[5]

Nothing in Mousavi's bare assertions reasonably suggests that his imprisonment or custody is unlawful, much less, that it is now in question.  Mousavi has also not met his burden of showing he is in custody in violation of the Constitution

---

[1] 28 U.S.C. § 2241(c)(3).

[2] *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

[3] *Muhammad v. Close*, 540 U.S. 749, 750 (2004).  *See also Pierre v. United States*, 525 F.2d 933, 936 (5th Cir. 1976) (habeas relief generally exists solely to "grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose").

[4] 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 287–88 (2018).

[5] *See* 8 C.F.R. § 1003.19(h)(2) (providing that immigration judges cannot redetermine custody of inadmissible aliens and lack jurisdiction to grant them bond); *Maldonado v. Macias*, 150 F. Supp. 3d 788, 797–98 (W.D. Tex. 2015) (noting that asylum applicants will remain in detention pending the grant or denial of their asylum applications unless they are granted parole).

or laws or treaties of the United States.

In sum, Mousavi's failure-to-transport claim is not appropriately addressed in this habeas corpus action because it does not contest matters that pertain to the cause or duration of his federal detention. The Court therefore lacks jurisdiction over his claim.

**B. Expedited-removal claim is not ripe for judicial action.**

Mousavi also fears that ICE will likely subject him to expedited removal proceedings. He thus requests that an immigration judge hear his asylum claims through the normal process. As the government acknowledges, the District Court for the District of Columbia has stayed the expanded expedited removal process first implemented in January 2025.[6]

As a preliminary matter, the Court must determine whether Mousavi's claim is ripe for judicial review. Ripeness is one of the justiciability doctrines and an essential principle of subject matter jurisdiction.[7] It applies primarily to cases or controversies brought before the court that raise abstract, hypothetical, or conjectural questions.[8] It is intended to prevent courts from hearing cases where the injury is hypothetical and has not yet occurred or may not ever occur.[9]

---

[6] *See Make the Road New York v. Noem*, 2025 WL 2494908, at * 1–2 (D.D.C. Aug. 29, 2025).

[7] *See Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (applying ripeness to § 2241 habeas petition).

[8] *Abbott Lab'ys v. Gardner*, 387 U.S. 136, 148 (1967).

[9] *Id.*

4

Mousavi's threadbare recitals plead no facts establishing that his expedited-removal claim is ripe for judicial review—*i.e.*, that Mousavi "will sustain immediate injury and that such injury would be redressed by the relief requested.[10] Considering, the speculative nature of his allegations and the recent stay, the Court concludes that Mousavi's expedited-removal claim is not ripe for judicial review and should be dismissed for lack of subject-matter jurisdiction.

### III. Conclusion

For the foregoing reasons, Mousavi's failure-to-transport claim is not cognizable in this habeas corpus action and his expedited-removal claim is not ripe for judicial review. The petition for writ of habeas corpus is therefore **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS SO ORDERED** this 11th day of December, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[10] *Sample*, 406 F.3d at 312 (cleaned up).